UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>GREGORY L. JURIN, et al.,<br><br>        Defendants.<br>_____/ | No. C 14-01881 LB<br><br>**ORDER (1) REGARDING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND (2) CONTINUING THE OCTOBER 9, 2014 CASE MANAGEMENT CONFERENCE** |

In this action (Case No. C14-01881 LB), Plaintiff Transamerica Life Insurance Company has sued Gregory Jurin and James McCrea, alleging that they engaged in fraud and conspiracy to commit fraud by claiming benefits under Mr. Jurin's policy with Transamerica for long term care insurance. Transamerica seeks declaratory judgment that Mr. Jurin is not entitled to the benefits and damages for payments he allegedly fraudulently obtained. Mr. Jurin and Mr. McCrea moved to dismiss Transamerica's declaratory relief action on several grounds, including that the court should dismiss (or, alternatively, stay) the action in favor of a second action (formerly Case No. C14-02882 LB) that Mr. Jurin subsequently filed against Transamerica and Dr. Mohinder Nijjar in state court.

After Mr. Jurin and Mr. McCrea filed their motion to dismiss, but before the court ruled on it, Transamerica removed the second action from state court to this court. In its order denying the motion, the court found the parties' arguments about whether the court should dismiss or stay the action in favor of the (former) state court action to be moot in light of that action being removed to

federal court, so the court never addressed this issue.

Mr. Jurin then filed a motion to remand the second action back to state court. After that action was reassigned to the undersigned, the court granted that motion and remanded the action.

In light of the court remanding the second action back to state court, Mr. Jurin and Mr. McCrea now have filed a motion for leave to file a motion to reconsideration. *See* Motion, ECF No. 42. Under Civil Local Rule 7-9(a), a party must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9(a).[1] In seeking permission from the court, the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. L.R. 7-9(b).

Even if the court grants a party leave to file a motion for reconsideration, reconsideration is only appropriate in the "highly unusual circumstances" when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider." N.D. Cal. Civ.

---

[1] Civil Local Rule 7-9(a) provides: "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."

C 14-01881 LB
ORDER  2

1 L.R. 7-9(d).

2 Mr. Jurin and Mr. McCrea contend that a "new fact" has emerged since the court denied their motion to dismiss, namely, the court's remand of the second action back to state court. Basically, they want the court rule on the arguments that it found to be previously moot because they are not moot anymore.

6 The court agrees that Mr. Jurin and Mr. McCrea that consideration of the parties' arguments about whether the court should dismiss or stay the action in favor of the state court action is warranted. Rather than have Mr. Jurin and Mr. McCrea file a motion for reconsideration, and given that the parties already addressed this issue in their briefs in support of and in opposition to Mr. Jurin and Mr. McCrea's motion to dismiss, the court will simply look back at that briefing and revisit those arguments. If the court determines this issue cannot be decided on the papers or that a hearing is necessary on the matter, the court (with the parties' schedules in mind, of course) will set one.

14 Further, in light of this order, the court continues the October 9, 2014 initial case management conference to November 20, 2014 at 11:00 a.m. in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102. The parties shall file a joint case management conference statement no later than November 13, 2014.

**IT IS SO ORDERED.**

Dated: October 6, 2014

_____
LAUREL BEELER
United States Magistrate Judge